Nicholson, C. J.,
delivered the opinion of the court.
Peoples sued Devault in replevin for a yellow mule. The case was tried in the Circuit Court of "Washington county, and verdict and judgment were given for defendants. Plaintiffs appealed. The first error assigned by plaintiff was that the court rejected declarations of John Weaver (under whose title defendants claimed), made by Weaver while he had the mule in possession, and before he sold the same to the party from whom defendants purchased. One witness offered to prove that in the summer of 1865 Weaver came to witness’ house and asked him if there was a government mule there. Upon being told that there was a pale yellow mule there in the field which belonged to plaintiff, Weaver took the mule and said he would take it to Peoples’ house, and if he had a better one he would take that and return the yellow mule to witness and he might keep it to work. Another witness offered to prove that Weaver told him that he had taken the mule from witness’ wife. At that time Weaver was prosecuting a replevin suit for the mule against plaintiff’s father, and in that conversa *433 tion Weaver told witness to tell plaintiff’s father that if he came to the trial to contend with a federal soldier, they would kill or beat him nearly to death, which message witness delivered to plaintiff’s father. It appears that plaintiff’s father did not attend the trial, and that Weaver took judgment by default. Another witness offered to prove that she saw Weaver on the day he got the mule, and he said it was plaintiff’s mule. All of this evidence was rejected by the court. This was error. 1 Greenleaf, sec. 190; Mulholland v. Ellitson, 1 Col., 307.
The next error relied on is in the following instruction to the jury. The court said: “The brand, U. S., upon horses, if at the close of the war, is evidence of property in the government,, though not conclusive. Plaintiff may show that the brand was fraudulently put upon the mule,” etc. One witness proved that he saw the brand, U. S., on a sorrel mule in ■ Weaver’s possession in 1865. This was all the evidence as to a%brand on the mule. The charge is in conflict with the rule of law as laid down in Dawson v. Susong, 1 Heis., 243, where it is said: “The brand, when shown to have been made by officers of the army, has no other effect than to furnish prima facie evidence that the government has had possession of the property as a claimant, but of itself it communicates no title.” It is not shown here that the brand was put upon the mule by officers of the army, and therefore it was not prima facie evidence that it had ever been in the possession of the government. For these errors the judgment is reversed.